UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ONLINEYELLOWPAGESTODAY.COM, INC. et al.,<br><br>Defendants. | CASE NO. C14-838 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on plaintiff the Federal Trade Commission's ("FTC") revised motion for temporary restraining order with asset freeze, and order to show cause why a preliminary injunction should not issue. Dkt. # 14. On June 10, 2014, the court denied the FTC's *ex parte* motion under 15 U.S.C. § 53(b), which requires notice to a defendant prior to granting a TRO or preliminary injunction without a bond, except for in very limited circumstances which were not present. Dkt. # 6 at 3-5. The court also expressed concern that the TRO appeared to be overly broad, and that plaintiff had not provided argument or authority with respect to many of the requested actions in

the proposed TRO.[1]  *Id.* at 6 n.2.  Plaintiff provided all defendants with notice of the lawsuit and all relevant filings in the docket.  Dkt. ## 9-13, 16.  The court provided defendants an opportunity to oppose the TRO motion, and none of the defendants have opposed the motion, which the court construes as a concession that the motion has merit.  Local Rules W.D. Wash. CR (b)(2).  On July 2, 2014, the court received a telephone call from defendant Oni Julien, who informed the court that she would not be able to attend the TRO hearing set for July 8, 2014.  Since no defendant filed an opposition, the court finds that this matter may be decided on the papers submitted by the plaintiff.  The Clerk is DIRECTED to STRIKE the hearing.

Having reviewed the memoranda, exhibits, and the record herein, the court GRANTS plaintiff's motion for temporary restraining order and asset freeze for the reasons stated below.

## II. BACKGROUND

As alleged in plaintiff's complaint, the defendants are four entities and one individual.  Two of the entities are Delaware corporations with a principal place of business in Montreal, Quebec.  Dkt. # 1 (Compl.) ¶¶ 6 (OnlineYellowPagesToday.com, Inc.), 7 (USYellowPageDirectory.com, Inc.).  Two of the entities are Quebec corporations with a principal place of business in Montreal, Quebec.  *Id.* ¶¶ 8 (7703236 Canada, Inc. dba OnlineYellowPagesToday.com, Target marketing and Oniks Media), 9 (7095333 Canada, Inc. dba USYellowPage Directory.com and Oniks Media).  All four entities transact business in this District and throughout the United States.  *Id.* ¶¶ 6-9.  The individual defendant, Oni Nathifa Julien, is or has been an owner, officer or director of all four entities, and has transacted business in this District and throughout the United States.  *Id.* ¶ 10.  Defendants have represented themselves to consumers as

---

[1] Plaintiff has once again provided a proposed TRO that is overbroad and includes relief that has not been discussed in plaintiff's briefing.  Dkt. # 14-1.

USYellowPageDirectory.com from approximately 2009 to 2012, and as OnlineYellowPagesToday.com from approximately 2011 to present. *Id.* ¶ 12.

Plaintiff alleges that defendants operated a common enterprise while engaging in deceptive business practices. *Id.* ¶ 11. Defendants allegedly market listings in their business directories by making misrepresentations during unsolicited outbound telephone calls to consumers by indicating that the consumer previously was, or already is, listed in defendants' business directory. *Id.* ¶ 15. Based on these alleged misrepresentations, many consumers believe that they are on the business directory and confirm the business address and contact information. *Id.* ¶ 16. Defendants allegedly record these telephone calls and later use these recordings to attempt to convince a representative of the consumer to pay for a listing with defendant's business directory. *Id.* After these telephone calls, defendants send invoices to the consumer for $479.95 or more, and many consumers that have not contracted for defendants' listing service pay the invoice because of the defendants' representation that the consumer agreed to pay for the listing. *Id.* ¶ 18. If a consumer fails to pay, defendants send letters or place telephone calls demanding payment, and, if the consumer refuses to pay, defendants allegedly threaten to send the consumer to collection, to damage consumers' credit ratings, and to file a lawsuit. *Id.* ¶¶ 19, 21. Many consumers pay in response to defendants' collection tactics and threats to protect their credit rating or to avoid being sued. *Id.* ¶ 22.

## III. ANALYSIS

The FTC has invoked section 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b). Section 13(b) permits the FTC to seek a TRO or injunction against a person or entity that it reasonably believes to be violating, or is about to violate, any provision of law enforced by the FTC when enjoining the violation is in the public interest. 15 U.S.C. § 53(b); *see FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982) (holding that section 13(b) of the FTCA gives district courts the authority

to grant permanent injunctions to enjoin acts or practices that violate the law enforced by the FTC, and to grant whatever preliminary injunctions are justified by the usual equitable standards that are sought in accordance with Rule 65(a)). "Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or preliminary injunction may be granted without bond . . . ." 15 U.S.C. § 53(b). Thus, section 53(b) places a lighter burden on the FTC because it does not require a showing of irreparable harm to obtain a TRO or preliminary injunction. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233 (9th Cir. 1999). "Under this more lenient standard, 'a court must 1) determine the likelihood that the Commission will ultimately succeed on the merits and 2) balance the equities.'" *Id.*

The factual record before the court, including sixteen declarations from consumers across the United States, demonstrates that defendants falsely represented to consumers that they had a preexisting relationship by creating the impression that they were calling from a directory in which the consumer was already listed. *See* Dkt. # 5, Exs. 1-16. As a result, consumers' owners or employees believed that they were simply confirming information for an existing listing or agreeing to a continued listing, rather than signing up for a new listing. *Id.* The record also demonstrates that defendants falsely told consumers that they agreed to purchase listings in defendants' directories, when consumers had only confirmed contact information or agreed to continue a listing, but did not agree to purchase a new listing. *Id.* Based on the factual record filed by the FTC, the court finds that the FTC meets its burden to show a likelihood to succeed on the merits on its claim for violation of section 5(a) of the FTCA, 15, U.S.C. § 45(a). Dkt. # 5, Exs. 1-16.

Plaintiff also argues that it has demonstrated that it is likely to succeed against defendant Julien for the corporate defendants' deceptive acts. *See F.T.C. v. Cyberspace.com LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006) ("An individual is personally

liable for a corporation's FTCA § 5 violations if he 'participated directly in the acts or practices or had authority to control them' and 'had actual knowledge of material misrepresentations, was recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth.'"). As sole director or majority shareholder of the corporate defendants and websites, Julien had authority to control them. Dkt. # 5-2, TRO Ex. 16 at 182-83, 191, 197, 199, 201, 203, 274-75 (Brannon-Quale Decl. ¶¶ 5-8, 32 & Exs. C-D, Q). Defendant Julien is also the contact for UPS mailboxes for USYellowPageDirectory.com and OnlineYellowPagesToday.com in New York, and the corporate defendants used these mailboxes to receive consumers' payments and other mail in the United States. *Id.* at 185-86, 233, 237, 241-42, 245, 248 (Brannon-Quale Decl. ¶¶ 18-21, Exs. F-I). Defendant Julien shipped these materials, or arranged to ship these materials, to the corporate defendants' address in Montreal. *Id.* at 187-88, 249-55 (Brannon-Quale Decl.) ¶ 23, Ex. J). Additionally, despite being informed that she could file an opposition on her own behalf, and providing sufficient time for her to do so, Ms. Julien has not filed any documents disputing plaintiff's claim of her knowledge of the deceptive acts. The court finds that plaintiff has demonstrated that it is likely to succeed on the merits to show that Ms. Julien, at a minimum, was recklessly indifferent to the truth or falsity of the misrepresentations, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth.

With respect to the equities, the public interest in stopping defendants' FTCA violations outweighs any illegitimate interest defendants have in continuing deceptive and misleading practices and violating the FTCA. *See Affordable Media*, 179 F.3d at 1236 (public interest is given greater weight than private interests; public interest in preserving illicit proceeds for restitution to victims is great).

Plaintiff has also requested an asset freeze and other broad relief. However, plaintiff has not presented any evidence that would even plausibly suggest that

defendants have in the past, are in the process of, or are likely in the future, to hide or dissipate their assets. *See Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) ("A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted."); *Affordable Media*, 179 F.3d at 1236-37 (upholding asset freeze where defendants had history of spiriting commissions away to a Cook Island Trust). Indeed, based on representations from Canadian counsel during a telephone conference with all parties (Dkt. # 17), it appears that defendants' assets may have already been frozen, albeit, not by this court. Accordingly, the court finds that plaintiff has not demonstrated that it is entitled to an asset freeze, or any of the equitable remedies related to such an asset freeze, which, according to plaintiff, includes sections III, IV-VIII, and XI in its proposed TRO. Dkt. # 14-1. Since plaintiff has not provided any evidence to support a basis to enter an asset freeze, and plaintiff provides no other argument or authority with respect to these sections, the court denies the requested relief under these sections. The court also denies all other requested relief in the TRO that was not addressed in plaintiff's memoranda.

## IV. CONCLUSION

For all the foregoing reasons, the court GRANTS plaintiff's motion for TRO, and enters the TRO below. The court also ORDERS defendants to SHOW CAUSE why a preliminary injunction should not be granted. Defendants' response, if any, shall be due no later than July 28, 2014, and plaintiff may file a reply no later than August 1, 2014. *See* Local Rules W.D. Wash. CR 7(d)(3) (preliminary injunction motions shall be noted no earlier than the fourth Friday following filing). However, if plaintiff would like to file a separate motion for preliminary injunction pursuant to LCR 7(d)(3) to provide the court with additional argument or evidence, it may do so no later than July 17, 2014, in which case the order to show cause would be vacated and Defendants' response would be due

pursuant to LCR 7(d)(3). Plaintiff is ORDERED to serve a copy of this order and all future filings and orders on defendants.

## V. TEMPORARY RESTRAINING ORDER

For purposes of this temporary restraining order ("TRO"), "Defendants" mean all Defendants named in this action.

1) All Defendants, their agents, and their employees shall cease the following conduct in telephone and written solicitations to customers related to the advertising, marketing, promoting, offering for sale, or sale of Internet directory listings:
   a. Stating or implying that the consumers have a preexisting relationship with Defendants, when they do not have a preexisting relationship.
   b. Stating or implying that consumers have agreed to purchase a listing in Defendants' directory, when they have not agreed to do so.
   c. Stating or implying that consumers owe money to Defendants for a listing in Defendants' directory, when they do not owe such money.
   d. Misrepresenting the nature of Defendants' relationships with consumers, and the purpose of their communications with consumers.
2) All Defendants, their agents, and their employees shall prominently post on all websites used by any of the Defendants related to the offering for sale, sale, posting of Internet directory listings, or related to the collection of payment from any consumer for a listing in any of Defendants' directories, including, but not limited to, the websites located at www.onlineyellowpagestoday.com or www.usyellowpagedirectory.com, the following statement:
   a. The Federal Trade Commission ("FTC") has filed a lawsuit against OnlineYellowPagesToday.com, Inc., and USYellowPageDirectory.com, Inc., and their Canadian affiliates, 7703236 Canada, Inc. and 7095333

Canada, Inc., alleging that they have engaged in deceptive practices related to the offering for sale and sale of listings in Internet directories, including Online Yellow Pages Today, US Yellow Page Directory, and directories at OnlineYellowPagesToday.com and USYellowPageDirectory.com.  The United States District Court for the Western District of Washington has issued a temporary restraining order prohibiting the alleged practices.  You may obtain additional information directly from the FTC at www.ftc.gov.

  b.  Each website carrying this message shall also provide a hypertext link to the FTC's home page at www.ftc.gov.

3) This TRO shall remain in effect until the court rules on preliminary injunction, or by another order of the court.

Dated this 3rd day of July, 2014.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge